# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

RICHARD PAUL SMITH, individually,
and on behalf of others similarly situated,
    Plaintiff,

v.                              Case No.: 8:25-cv-02300-KKM-NHA

VERRA MOBILITY CORPORATION,
THE SCHOOL BOARD OF POLK
COUNTY, FLORIDA, and THE POLK
COUNTY SHERIFF'S OFFICE,
    Defendants.

_____/

## LEAD COUNSEL FOR THE SCHOOL BOARD OF POLK COUNTY, FLORIDA'S RESPONSE TO ORDER TO SHOW CAUSE [DOC. 48] AND NOTICE OF WITHDRAWAL AND CORRECTION OF AUTHORITIES

Jeffrey Sullivan, lead counsel for the School Board of Polk County, Florida, respectfully responds to the Court's Order to Show Cause. Counsel acknowledges the seriousness of the Court's concerns and accepts responsibility for the inaccurate citations and case descriptions contained in the voluntary payment section of the School Board's Motion to Dismiss [Doc. 31]. Counsel files this response to apologize to the Court and all counsel of record, correct the record, withdraw the unsupported authorities and propositions, explain how the errors occurred, and describe the corrective measures undersigned counsel has implemented to prevent recurrence.

The Court's Order identifies several issues in the voluntary payment section of the School Board's motion: an incorrect characterization of Pincus v. American Traffic Solutions, Inc., 25 F.4th 1339 (11th Cir. 2022); citations to Abreu v. City of Miami Beach, 2021 WL 3625049 (S.D. Fla. Aug. 16, 2021), and Gonzalez v. City of Coral Gables, 2018 WL 2392077 (S.D. Fla. May 25, 2018), which do not exist; a citation to Morgulis v. BusPatrol America, LLC, 2020 WL 1923164 (E.D.N.Y. Apr. 21, 2020), which does not exist as cited; and an incorrect representation that Leder v. American Traffic Solutions, Inc., 81 F. Supp. 3d 211 (E.D.N.Y. 2015), applied the same rule as Pincus regarding Florida's voluntary payment doctrine, even though Leder addressed unjust enrichment under New York law, not Florida law.

Counsel accepts the Court's concerns as well-founded and does not dispute the errors identified in the Order. Counsel should have verified the cited authorities and parentheticals before filing but did not. Counsel apologizes to the Court for submitting inaccurate citations and mischaracterized authority, and for imposing on the Court the burden of addressing errors that counsel should have identified before filing the motion.

The Motion to Dismiss was prepared in January 2026, during one of undersigned counsel's first attempts to use AI-assisted legal research and drafting. Counsel used ChatGPT as a drafting and research aid and then used Thomson Reuters Westlaw Edge during the citation review process. Counsel did not, however,

2

complete an independent verification of each citation before filing and did not realize at the time that the cited authorities were inaccurate or unsupported.

Regardless of the process employed during the research, drafting, and finalization of the motion, counsel understands there was no excuse for counsel's failure to verify the authorities before filing. The use of AI-assisted drafting and Westlaw Edge did not satisfy counsel's independent obligation to review and verify every cited authority. Counsel should have confirmed that each cited case existed, that each citation was accurate, that the motion accurately described the law and jurisdiction involved in each case, and that each case held what counsel represented in the motion. Counsel failed to do so and accepts full responsibility for that failure.

Counsel acknowledges that, by including case names, citations, and parentheticals in the motion, he was representing to the Court and all counsel of record that the cited authorities existed and had been accurately described. Responsibility for those representations rested with lead counsel alone, not with Westlaw Edge, ChatGPT, the School Board, or anyone else in lead counsel's office.

After receiving the Court's Order to Show Cause, counsel conducted a review of the authorities identified by the Court. That review confirmed the need to correct the record. Counsel therefore withdraws the cases, citations, parentheticals, and propositions as described below. Counsel also withdraws Section V of the School

3

Board's motion to the extent it relied on <u>Pincus</u>, <u>Abreu</u>, <u>Gonzalez</u>, <u>Morgulis</u>, or <u>Leder</u> as support for Florida's voluntary payment doctrine.

Counsel has been unable to locate or verify <u>Abreu v. City of Miami Beach</u>, 2021 WL 3625049, or <u>Gonzalez v. City of Coral Gables</u>, 2018 WL 2392077. Counsel does not contend that either exists. Counsel withdraws the citations and parentheticals attributable to <u>Abreu</u> and <u>Gonzalez</u> and acknowledges that counsel should not have included these references in the motion.

Counsel has been unable to locate or verify any 2020 Eastern District of New York decision with the caption and citation <u>Morgulis v. BusPatrol America, LLC</u>, 2020 WL 1923164, and does not contend that the cited decision exists. While there are other decisions from New York with the same name that involve a challenge to a school bus stop-arm citation, those other cases do not discuss Florida's voluntary payment doctrine. Also, those other cases do not reference or rely on Florida law. Therefore, counsel withdraws the <u>Morgulis</u> citation and any suggestion that the case cited applied or supported Florida's voluntary payment doctrine.

Counsel further withdraws the motion's characterization of <u>Pincus v. American Traffic Solutions, Inc.</u>, 25 F.4th 1339 (11th Cir. 2022), as reaffirming or applying Florida's voluntary payment doctrine. That characterization was incorrect. <u>Pincus</u> affirmed dismissal of a claim for unjust enrichment because American Traffic Solutions provided value in exchange for the challenged convenience fee. <u>Pincus</u> did

not discuss the voluntary payment doctrine, and counsel should not have relied on Pincus as support for Florida's voluntary payment doctrine.

Finally, counsel withdraws any suggestion that Leder v. American Traffic Solutions, Inc., 81 F. Supp. 3d 211 (E.D.N.Y. 2015), applied Florida's voluntary payment doctrine. Leder relied on New York law to support dismissal of the complaint and did not reference Florida's voluntary payment doctrine.

Counsel recognizes that this review should have been completed before the motion was filed. Counsel has designed corrective measures, explained below, to address the specific failures identified in the Court's Order and to ensure that every cited authority is personally reviewed, accurately described, and independently verified before filing. Counsel has implemented these corrective measures and will continue to follow them.

First, counsel will not include any case, statute, rule, quotation, or parenthetical in a filing unless counsel has personally reviewed the authority in Westlaw, Lexis, PACER, an official reporter, the relevant court's docket, or another recognized primary or legal research source.

Second, counsel will treat AI-assisted legal research or drafting as a preliminary drafting aid only. No AI-generated citation, quotation, case description, parenthetical, or legal proposition will be included in any filing unless counsel

independently verifies it against a primary source or recognized legal research database.

Third, counsel will verify every unpublished, Westlaw-only, or Lexis-only authority for existence, citation accuracy, court, date, procedural posture, and the specific proposition for which it is cited.

Fourth, counsel will check every parenthetical against the actual text of the authority. Counsel will not rely on any parenthetical unless the cited authority directly supports the parenthetical's description.

Fifth, counsel will maintain a record that reflects verification of all citations used in all substantive filings in this case, confirming that each authority has been reviewed and that each cited proposition is supported by the authority.

Since filing the Motion to Dismiss, counsel has read several recent judicial decisions addressing the risks and limitations of unverified AI-assisted legal research, including the risk of inaccurate or nonexistent case citations. Recently, on April 16, 2026, counsel attended a Florida Bar continuing legal education program addressing the use of AI in the legal profession. The program highlighted the many risks of AI-assisted legal research. Counsel now has a better understanding of the limitations of AI-assisted research and drafting and has used this information to formulate some of the corrective measures described above.

Counsel acknowledges that the errors identified by the Court were serious. Counsel did not know that any cited authority was nonexistent or unsupported, and counsel did not intend to mislead the Court, all counsel of record, or any party. Counsel recognizes, however, that his lack of actual knowledge and any intent to mislead does not excuse counsel's failure to verify the cited authorities before filing the motion.

Counsel understands that Rule 11, the Local Rules, and the Rules Regulating The Florida Bar impose duties of competence, candor, and reasonable prefiling inquiry. Counsel also realizes that the use of AI-assisted research or drafting does not lessen those duties.

Counsel deeply regrets that the Court, counsel of record, and the parties had to devote time and attention to these errors.

Counsel respectfully submits that the withdrawal of the unsupported authorities, the correction of the record, counsel's acceptance of responsibility and apology to the Court, and counsel's implementation of the corrective measures described in this response are sufficient to establish good cause to discharge the Order to Show Cause without sanctions or referral to The Florida Bar. If the Court determines that a Rule 11 sanction is warranted, counsel requests that any sanction be limited to nonmonetary corrective relief sufficient to deter repetition.

7

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 30, 2026, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system.

/s/ *Jeffrey Sullivan*
JEFFREY SULLIVAN, *lead counsel*
Florida Bar No. 0009814
Stidham & Stidham, P.A.
150 East Davidson Street
Bartow, Florida 33830
Telephone: (863) 533-0866
Facsimile: (863) 533-1151
JSullivan@stidhamlawyers.com
Counsel for Defendant
The School Board of Polk County,
Florida

8