**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

RICHARD PAUL SMITH,
individually and on behalf of
others similarly situated,

      Plaintiff,

v.                                                    Case No. 8:25-cv-2300-KKM-NHA

VERRA MOBILITY
CORPORATION et al.,

      Defendants.

_____

## <u>ORDER</u>

On April 28, 2026, I ordered lead counsel for the School Board of Polk
County, Jeffrey Sullivan, to show cause as to why he should not be referred to
the Florida Bar or otherwise sanctioned under Federal Rule of Civil Procedure
11 for filing a motion to dismiss that included several misrepresentations of
caselaw and citations to non-existent cases. *See* Order (Doc. 48) at 32–33, 41.

Sullivan timely responded and "does not dispute the errors identified in
the Order." Resp. (Doc. 50) at 2. Sullivan acknowledges that he used artificial
intelligence tools, including ChatGPT, to research and draft the School Board's
motion to dismiss. *See id.* at 2–3. He admits that he did not "complete an
independent verification of each citation before filing and did not realize at the

time that the cited authorities were inaccurate or unsupported." *Id.* at 3. Sullivan accepts full responsibility for the errors and does not attribute them to the School Board or anyone else. *Id.* Finally, Sullivan seeks to withdraw the erroneous citations and representations, and he outlines his plan going forward "to ensure that every cited authority is personally reviewed, accurately described, and independently verified before filing." Resp. at 5.

Rule 11(b)(2) provides that by presenting to the court a "written motion," the attorney certifies "to the best of [his] knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," that "the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." On its own initiative, a court may impose an appropriate sanction on an attorney who violates Rule 11(b). *See* FED. R. CIV. P. 11(c)(1), (3). "The initiating court must employ (1) a 'show-cause' order to provide notice and an opportunity to be heard; and (2) a higher standard ('akin to contempt') than in the case of party-initiated sanctions." *Kaplan v. DaimlerChrysler, A.G.*, 331 F.3d 1251, 1255 (11th Cir. 2003).

Upon review of Sullivan's response, I find that minimal sanctions are appropriate here. As Sullivan rightly acknowledges, the use of artificial intelligence does not alter or minimize his duties to the Court under Rule 11, nor the separate duties owed to his client. By negligently failing to verify

2

multiple authorities cited in his motion to dismiss, Sullivan violated his duty to ensure that all legal contentions in his motion were supported by existing law. At the same time, the Court recognizes Sullivan's immediate and unqualified acceptance of responsibility, as well as his plan to implement corrective measures in using artificial intelligence moving forward. Based on the full circumstances, the most fitting sanction is requiring Sullivan to inform his client of this occurrence. Accordingly, it is **ORDERED:**

1. No later than **May 5, 2026**, Attorney Jeffrey Sullivan is **ORDERED** to provide his client, the School Board of Polk County, with a copy of the Court's Order to Show Cause (Doc. 48), Sullivan's Response (Doc. 50), and this Order (Doc. 51).

2. No later than **May 6, 2026**, Sullivan shall provide notice to the Court that he has complied with the above directive.

   **ORDERED** in Tampa, Florida, on May 1, 2026.

Kathryn Kimball Mizelle
United States District Judge

3